# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1514

## LOUISIANA REAL ESTATE COMMISSION

## VERSUS

## BRETT C. BUTLER, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 03-2797
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Arlene Carimi Edwards
Delatte, Edwards & Marcantel
8680 Bluebonnet, Suite A
Baton Rouge, LA 70810
(225) 709-9000
Counsel for Plaintiff/Appellee:
Louisiana Real Estate Commission**

**Benjamin Wakefield Mount**
**Bergstedt & Mount**
**1011 Lakeshore Drive, Suite 200**
**Lake Charles, LA 70601**
**(337) 433-3004**
**Counsel for Defendants/Appellees:**
**Edward F. Crocker, Jr.**
**Trudy Crocker**

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**Counsel for Defendants/Appellants:**
**Brett C. Butler**
**Elizabeth A. Butler**

**Ike Amos Hobaugh**
**Wright & Moreno**
**203 W. Clarence Street**
**Lake Charles, LA 70601-9431**
**(337) 439-6930**
**Counsel for Defendants/Appellants:**
**Brett  C. Butler**
**Elizabeth A. Butler**

**EZELL, JUDGE**.

This is a concursus matter arising out of a contract to buy a home. The buyers, Dr. Brett Butler and his wife, Elizabeth, appeal the decision of the trial court awarding the sellers, Dr. Edward Crocker and his wife Trudy, a $12,500.00 deposit for the failure to complete the transaction. For the following reasons, we affirm the decision of the trial court.

The Crockers owned a home in Lake Charles which was listed for sale through ERA Moffett Realty. Through their own realtor, the Butlers found the home and eventually submitted a purchase agreement, offering to buy the home for the sum of $770,000.00. The agreement was signed by both parties, and a deposit of $12,500.00 was given by the Butlers. The contract stated that the sale was contingent on the Butlers obtaining financing for the home, the amount of which was "to be determined," at an eight and one-half percent interest rate. The Butlers applied for a loan through Red River Bank. The loan was denied. Thereafter, the Butlers sought the return of their deposit. The Crockers refused. Based on this dispute, the Louisiana Real Estate Commission filed this concursus proceeding in the trial court below. The trial court found that no specific amount of funding was set out by the contract as a condition, only that the desired interest rate be secured. Noting that there was no evidence that the rate was not obtained, the trial court found that the Crockers were entitled to keep the deposit. From this decision, the Butlers appeal.

The Butlers assert three assignments of error on appeal. They claim that the trial court erred in awarding the Crockers the deposit due to the Butlers failing to seek a loan in any amount at the desired eight and one-half percent interest rate, that alternatively, there was no meeting of the minds as to the terms of the contract, and that the trial court erred in denying the Butlers attorney fees for breach of contract.

The general rules of contract interpretation are found in Articles 2045 through 2057 of the Louisiana Civil Code. "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ.Code art. 2050. "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text." La. Civ.Code art. 2056.

The agreement to purchase or sell in this matter contained two pertinent provisions. The first provision, paragraph two, stated[1]:

> THIS SALE is conditioned upon the ability of the PURCHASER(s) to borrow upon this property as security the sum of $**To Be Determined** by a Mortgage loan or loans at an initial Fixed rate of interest not to exceed **8½%** per annum payable in equal monthly installments, or upon such other terms that may be acceptable to PURCHASER, so long as such terms create no additional cost to seller and do not affect the closing date.

The other provision, included in paragraph seven, states that "PURCHASER represents that PURCHASER has the funds necessary to satisfy Purchasers obligations, including the down payment, under this Agreement."

The Butlers contend that because they applied for a loan of ninety percent of the value of the home and were rejected that they have met the requirements of the contract. We disagree. Nowhere within the four corners of the contract is listed any specific monetary amount the Butlers must have obtained loan approval for. On the contrary, the only condition set for by the document is that a loan be approved at an

---

[1]Bold emphasis indicates handwritten portions of the agreement.

2

eight and one-half percent interest rate. There is no evidence that they could not obtain financing at some amount at the desired rate. If the Butlers had wanted to require a specific amount of financing, they could have simply inserted whatever amount they desired into the blank where they wrote instead "to be determined." Taken in conjecture with the provision in paragraph seven which represents that the Butlers had sufficient funds to complete the transaction, including any down payment, it is clear that the Butlers failed to meet the obligations set out for them in the contract. Moreover, if there was any ambiguity in the contract, as the party who furnished the text in question, the "to be determined" provision in the contract must be interpreted against the Butlers. La.Civ.Code art. 2056. There is no error in the trial court's ruling awarding the Crockers the deposit.

The Butlers next assert that the agreement should be declared null and void for lack of consent, as a mutual misunderstanding existed as to the loan amount they would seek. This is based on Mr. Butler's self-serving assertion that, at the time the contract was signed, he only intended to put forth a ten percent down payment and seek financing for the remainder. However, as noted above, if he had actually intended to set a limit as to the maximum amount he would finance, he, as the writer of the contract, could simply have inserted the ninety percent amount into the contract. Furthermore, Charmayne Crawford, one of the realtors handling the sale, testified that forty percent of all purchase agreements contain the "to be determined" language and that she felt, based on the language, that the Butlers would have no trouble obtaining funds, but were only seeking a set interest rate. There is no evidence in the record of a mutual misunderstanding as to the terms of the contract.

Because we reject the two assignments of error set forth by the Butlers above, we need not address their third, as they are obviously not entitled to attorney fees from the Crockers.

3

For the above reasons, we affirm the decision of the trial court. Costs of this appeal are assessed against Brett and Elizabeth Butler.

**AFFIRMED.**